```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                 JACKSONVILLE DIVISION
```

JOHN D. SOUTER, JR.,

        Plaintiff,

v.                                    Case No. 3:10-cv-834-J-37JBT

SGT. STARLING, et al.,

        Defendants.

## ORDER

### I. Status

Plaintiff, an inmate of the Florida penal system, is proceeding *pro se* on a civil rights Complaint (Doc. #1) (hereinafter Complaint).[1] On September 26, 2011, Plaintiff filed a document stating that the originally named Defendant Johnson is amended to be Defendant Sgt. J. A. Beighley, and the originally named Defendants Beasly and Buckman are amended to be Sgt. C. G. Page and Correctional Officer M. T. Johnson. The newly identified Defendants were served. Defendants' [Beighley, Casiano, Crosby, Hardin, Johnson and Page] May 11, 2012, Motion to Dismiss (Doc. #91) is pending before the Court. Plaintiff filed his response to the motion on June 7, 2012 (Doc. #92).[2]

---

[1] The factual allegations raised in the Complaint are provided in the Court's Order (Doc. #47) at 3-7.

[2] Plaintiff was made aware of the provisions for responding to a motion to dismiss in the Court's Order (Doc. #9), filed December 7, 2010,

## II.  Standard of Review

This Court looks to the allegations in the complaint when reviewing a 12(b)(6) motion.  The Eleventh Circuit explained:

> Generally, under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  To survive a 12(b)(6) motion to dismiss, the complaint "does not need detailed factual allegations," Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), but must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010).  Simply, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  "[T]he tenet that a court must accept

---

and given an opportunity to respond to the motion to dismiss.

as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

### III. Eleventh Amendment Immunity

Insofar as Plaintiff seeks monetary damages from Defendants in their official capacities, the Eleventh Amendment clearly bars suit. Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986) (per curiam). See Order (Doc. #47) at 9-11.

### IV. Statement of Claim

Plaintiff has "nudged [his] claims across the line from conceivable to plausible[.]" Twombly, 550 U.S. at 570. He has presented allegations sufficient to give rise to an excessive force claim and a deliberate indifference to serious medical needs claim. Specifically, in his Complaint, Souter has adequately presented a claim of malicious use of force to cause him pain, without

- 3 -

corresponding penological justification; a claim of failure to intervene in the excessive use of force; and a claim of deliberate indifference to his serious medical needs following the use of force.

"Even when an officer is not a participant in the excessive force, he can still be liable if he fails to take reasonable steps to protect the victim." Ledlow v. Givens, No. 12-12296, 2012 WL 6176471, at *4 (11th Cir. Dec. 12, 2012) (per curiam) (not selected for publication in the Federal Reporter) (citation omitted). The Court rejects the Defendants' assertion that a lower ranking correctional officer has no duty to intervene if a superior officer is using excessive force against an inmate. Although Defendants' cite Keating v. City of Miami, 598 F.3d 753, 765 (11th Cir. 2010), cert. dismissed, Timoney v. Keating, 131 S.Ct. 501 (2010), for this proposition, Keating is discussing supervisory liability (finding a supervisor may be liable under a theory of supervisory liability if he has the ability to prevent or discontinue a known constitutional violation and then fails to exercise his authority to stop the constitutional violation). Generally, if an officer is present at the scene of an incident entailing the excessive use of force and fails to take reasonable steps to protect the victim of another officer's use of excessive force, if the non-intervening officer is in a position to intervene and fails to act, he can be held liable for his nonfeasance. Crenshaw v. Lister, 556 F.3d

1283, 1293-94 (11th Cir. 2009) (per curiam) (citation omitted). The Eleventh Circuit has said:

> "If a police officer, **whether supervisory or not, fails or refuses to intervene when a constitutional violation ... takes place in his presence**, the officer is directly liable under Section 1983." Byrd v. Clark, 783 F.2d 1002, 1007 (11th Cir. 1986); see also, e.g., Priester v. City of Riviera Beach, 208 F.3d 919, 924 (11th Cir. 2000) (recognizing that an officer can be liable for failing to intervene when another officer uses excessive force).

Sanders v. City of Union Springs, 207 Fed.Appx. 960, 965-66 (11th Cir. 2006) (per curiam) (not selected for publication in the Federal Reporter) (emphasis added).  See Priester v. City of Riviera Beach, Fla., 208 F.3d 919, 925 (11th Cir. 2000) (asking whether the officer had the opportunity to intervene in another officer's use of excessive force).

## V.  Qualified Immunity

Defendants Hardin, Johnson, Beighley and Page are not entitled to qualified immunity with regard to the claim of excessive use of force in a cell extraction (using physical force, chemical agents and a spit shield or in failing to intervene).[3]  Skrtich v. Thornton, 280 F.3d 1295, 1301 (11th Cir. 2002) (finding a defense of qualified immunity is not available in cases alleging excessive

---

[3] The Defendants were acting in their discretionary capacity as employees of the Florida Department of Corrections.  See Crenshaw v. Lister, 556 F.3d 1283, 1289 (11th Cir. 2009) (per curiam) (quoting Hadley v. Gutierrez, 526 F.3d 1324, 1329 (11th Cir. 2008)).

force in this Circuit); <u>Danley v. Allen</u>, 540 F.3d 1298, 1306 (11th Cir. 2008) (rejecting an assertion of entitlement to qualified immunity with respect to the claim of excessive use of force and deliberate indifference to serious medical needs after an inmate was chemically sprayed, confined in a small cell, taunted, prevented from taking a prompt shower or being allowed to see the nurse, and provided too short of a shower to remove the chemicals)), <u>overruled in part on other grounds</u>, <u>Randall v. Scott</u>, 610 F.3d 701 (11th Cir. 2010).  Indeed, "'there is no room for qualified immunity' in Eighth and Fourteenth Amendment excessive force cases because they require a subjective element that is 'so extreme' that no reasonable person could believe that his actions were lawful."  <u>Id</u>. at 1310 (quoting <u>Johnson v. Breeden</u>, 280 F.3d 1308, 1321-22 (11th Cir. 2002)).

Therefore, it is now

**ORDERED:**

1.  Defendants' [Beighley, Casiano, Crosby, Hardin, Johnson and Page] May 11, 2012, Motion to Dismiss (Doc. #91) is **GRANTED** to the extent that Plaintiff may not seek monetary damages against the Defendants in their official capacities.  In all other respects, Defendants' Motion to Dismiss Complaint (Doc. #91) is **DENIED**.

2.  **Defendants Beighley, Casiano, Crosby, Hardin, Johnson and Page** shall respond to the remaining claims against them in the Complaint within **THIRTY (30) DAYS** from the date of this order.

3. Defendants **Sergeant Knight, Correctional Officer Buckman, Correctional Officer Beasly,** and **Correctional Officer Harden** are **DISMISSED** from this action **without prejudice**.  Plaintiff has amended his Complaint to name other Defendants in their stead or he has failed to provide a complete name and/or location of the Defendant so that service of process may be effected.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of December, 2012.

ROY B. DALTON, JR.
United States District Judge

sa 12/17
c:
John D. Souter, Jr.
Counsel of Record